**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PHILLIP B. LEE,**

        **Plaintiff,**

-vs-                                         **Case No. 6:09-cv-2109-Orl-31DAB**

**SKY PLUMBING, INC., and GARY W. GILREATH,**

        **Defendants.**
_____

# ORDER

This matter came before the Court without oral argument upon consideration of Plaintiff's, Phillip B. Lee ("Plaintiff") "Motion to Facilitate Notice," which the Court has construed as a motion to certify a collective action (the "Motion") (Doc. 10). Defendants, Sky Plumbing, Inc. and Gary W. Gilbreath (collectively, "Defendants"), filed a response in opposition to the Motion (the "Response") (Doc. 17).

**I. Overview**

Plaintiff brought this Fair Labor and Standards Act ("FLSA")[1] suit on December 14, 2009 2009, alleging, *inter alia*, that Defendants routinely failed to pay Plaintiff and other similarly situated employees their overtime pay in accordance with 29 U.S.C. §§ 207 and 215. (Doc. 1, ¶ 1). Specifically, Plaintiff alleges that Defendant routinely failed to compensate him and other

---

[1]*See generally* 29 U.S.C. §§ 201 to 209.

plumbers at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty hours per week. (Doc. 1, ¶¶ 5, 12, 20, 23 and 25-26).

Plaintiff now moves this Court to conditionally certify a collective action consisting of all present and former employees who worked as "plumbers" for Defendants since December 2006. (Doc. 10 at 1).

In their Response, Defendants contend, *inter alia*, that conditional certification is improper because: (1) the conclusory allegations in the affidavit submitted by one other putatively similarly situated employee do not support certification; (2) Plaintiff has failed to present any evidence of a company-wide policy or practice not to pay overtime; and (3) conditional certification will not further judicial economy because of the need to make individualized inquiries regarding each opt-in plaintiff's damages.

The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## II. Standard of Review

The decision to conditionally certify a collective FLSA action lies within the sound discretion of the Court. *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001). However, the Court "should satisfy itself" that there are similarly situated employees who desire to opt-in before certifying a collective action. *Dybach v. State of Fla. Dept. of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).

In pertinent part, 29 U.S.C. § 216 provides:

Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer. . . by any one or more employees for and in behalf of himself or themselves and other

> employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

Within the Eleventh Circuit, district courts are encouraged but not required to adopt a two-tiered approach to certification of classes in an FLSA case. *Hipp*, 252 F.3d at 1219 (11th Cir. 2001). Under this two-tiered approach, the court's initial decision to certify a collective action often comes early in the case. At the first tier, the Court's certification decision is based primarily on pleadings and affidavits, and the Court applies a "fairly lenient standard" in determining whether the plaintiffs are similarly situated. *Anderson v. Cagle's Inc.*, 488 F.3d 945, 953 (11th Cir. 2007).

The named plaintiff carries the burden of demonstrating that notice of the action should be given to other employees. Although this burden is low and can often be met by "detailed allegations supported by affidavits," *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996), it is not "invisible" and cannot be based on the conclusory allegations of a few employees. *Brooks v. Rainaldi Plumbing, Inc.*, Case No. 06-CV-631, 2006 WL 3544737, at * 2 (M.D. Fla. Dec. 8, 2006); *see also Simpkins v. Pulte Home Corp.*, Case No. 08-CV-130, 2008 WL 3927275, at * 2 (M.D. Fla. Aug. 21, 2008). At a minimum, the named plaintiff should offer affidavits or declarations of consent to join by other individuals stating they are similarly situated and wish to join the suit. *See*, *e.g.*, *Sanchez v. Ocwen Loan Servicing, LLC*, Case No. 06:06-CV-1811, 2007 WL 809666, at *2 (M.D. Fla. Mar. 15, 2007).

**III. Analysis**

In support of his Motion, Plaintiff relies on the single declaration of one other employee: Clarence Mitchell, who simply avers that he worked as a "plumber" for Defendant. Mitchell's declaration appears to be a word-for-word copy of Plaintiff's own conclusory, five-page declaration. (*cf.* Doc. 10-2 and 10-3). Neither declaration provides any concrete indicia of Plaintiff's or Mitchell's job requirements, Defendants' payment practices or policies, or the similarities between putative class members and why they are similarly situated to Plaintiff. Instead, Mitchell simply declares that "All plumbers employed by Defendants. . .did not receive overtime compensation" (Doc. 10-3, ¶ 2), and that "there are many other current and former plumbers employed by Defendants who are interested in joining a collective action. . . ." (Doc. 10-3, ¶ 5).

In contrast, Defendants rely on the detailed declaration of Sky Plumbing, Inc.'s President and CEO, Gary W. Gilbreath, and seven declarations from Sky Pluming, Inc.'s current and former employees. According to Gilbreath, Sky Plumbing, Inc. employs three types of plumbers: plumbers helper, journeyman plumber, and plumbing foreman (Doc. 17-1, ¶¶ 5-7). Each position carries with it different responsibilities and levels of compensation, which may vary from job site to job site and from supervisor to supervisor. (Doc. 17-1, ¶ 8). Although Plaintiff was employed in all three positions, Mitchell was only a "plumbers helper" and never met Defendants' minimum experience requirements for becoming a "plumber" (Doc. 17-1, ¶ 4).[2] Furthermore, according to

---

[2]Gilbreath further avers that when Mitchell was laid off, Mitchell demanded 36 hours in overtime pay and submitted a handwritten time summary to Defendants in support of same. (Doc. 17-1, ¶ 13). Although Gilbreath did not believe that Sky Plumbing, Inc. owed Mitchell any overtime, the company nevertheless paid Mitchell for all 36 hours of overtime identified in his handwritten

seven of Defendants' current or former plumbers, they have always received their overtime pay and have no desire to join Plaintiff's collective action. (Doc. 17-1 at 17, 19, 21, 23, 25, 27 and 29).

Upon review, Plaintiff's Motion will be denied. The conclusory allegations of one other putatively similarly situated employee – who was not a plumber and apparently already received all of his overtime – fall well-short of the detailed allegations required to support collective treatment. In the face of seven declarations from Defendants' other current or former plumbers who aver that they have received all of their overtime pay and do not wish to join this case, Plaintiff has clearly failed to carry his burden of demonstrating that notice of this action should be given to other employees.

**IV. Conclusion**

Based on the foregoing, it is **ORDERED** that Plaintiff's motion to certify a collective action (Doc. 10) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 1, 2010.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

summary. (Doc. 17-1 at 5, ¶ 13 and at 15).