# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PHILLIP B. LEE, on behalf of himself and others similarly situated[1],**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:09-cv-2109-Orl-31DAB**

**SKY PLUMBING, INC., and GARY W. GILREATH,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **RENEWED JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND TO DISMISS CASE WITH PREJUDICE (Doc. No. 35)**
>
> **FILED:** August 5, 2010
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA

---

[1] The settlement also disposes of the claim of Opt-In Plaintiff Clarence Mitchell.

claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Based on Plaintiff's Answer to Court Interrogatories, Plaintiff Phillip P. Lee was employed by Defendant from October 2005 to June 2009 (Doc. 23), and estimated that he was owed for 674.75 hours of unpaid overtime for a total of $15,518.63. Doc. 22, 35. Plaintiff Clarence Miller was employed by Defendant from May 2008 to May 2009, and estimated that he was owed for 105.6 hours of unpaid overtime for a total of $1,821.60. Doc. 23, 35.

Counsel represents that, during the course of litigating this matter, the parties exchanged time and pay records, and based on the time records produced by the Defendants there was substantial contradiction form the interrogatory answers of the Plaintiffs because Plaintiffs' alleged unpaid overtime was "off the clock." As such, the time and pay records did not show any unpaid work hours.

Doc. 35. In addition, in response to Plaintiffs' Motion to Facilitate Court Ordered Notice and to proceed as a collective action, Defendants presented declaration testimony of six other plumber employees, who testified that they were fully paid all overtime and that they were unaware of any other plumbers who did not receive overtime compensation. Doc. 35.

Defendants also produced the declaration of Lionel D. Warren II, who was a plumber who worked alongside Plaintiff Philip Lee. Defendants were adamant that Warren worked the same hours as Philip Lee, and that because he had not worked any hours off the clock, then Lee's claim must be false. Counsel contends that Defendants were poised to fight both Plaintiffs' claims that they worked off the clock without pay, which was "a bona fide dispute that cut to the very heart of this case." In addition, Defendants provided information relevant to their current financial status and demonstrated that their work force (including Plaintiffs) had been substantially reduced over the past several months due to the poor economy.

> Plaintiff's counsel represents:
>
> This information was thoroughly discussed with the Plaintiffs and both indicated a willingness to accept less than what they originally estimated their claims to be. Plaintiffs' attorney's fees were discussed with Defendants' counsel throughout the settlement negotiations; however, the total settlement amount offered by Defendants was not specifically allocated between Plaintiffs and Plaintiffs' counsel. Upon receipt of Defendants last and final settlement offer of $10,500, Plaintiffs' counsel contacted Plaintiffs and discussed the following:
> 1. total amount that would be allocated to Lee;
> 2. total amount that would be allocated to Mitchell;
> 3. total amount that would be allocated to Plaintiffs' counsel;
> 4. whether to accept Defendants' settlement offer; or
> 5. whether to reject Defendants' settlement offer and accept the risk of further litigation.
>
> After careful discussion of both internal and external factors, it was agreed that $3,500.00 would be allocated to Plaintiff Lee, $1,000.00 allocated to be Plaintiff Mitchell, and $6,000.00 to be allocated to Plaintiffs counsel for reasonable attorney's fees and costs.

Doc. 35.

The parties have agreed that Defendant will pay Plaintiffs' attorneys a total of $6,000 in attorney's fees and costs. Doc. 35. Plaintiff's counsel Robert S. Norell, Esq. accrued 16.6 hours and Jon M. Kreger, Esq. accrued 26.6 hours in representation of Plaintiffs, at rates of $325 per hour and $175 per hour respectively for a lodestar amount of $10,050 plus litigation costs of $420. Mr. Norell was admitted to practice in 1994 and practices in the area of employment and wage and hour law. *See* http://www.martindale.com. A rate of $325 for a sixteen year lawyer specialized in the wage and hour law is on the high side, but an hourly rate of $175 for an associate is not unreasonable. Moreover, the overall attorney's fee of $6,000 is well below the actual amount incurred of $10,470, even at the slightly higher rate. The amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case.

Accordingly, it is respectfully **RECOMMENDED** that the Renewed Joint Motion to Approve Settlement Agreement and to Dismiss Case with Prejudice (Doc. No. 35) be **GRANTED** and the Clerk be **DIRECTED** to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 13, 2010.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy